UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HUNTS POINT TERMINAL PRODUCE
COOPERATIVE ASSOCIATION, INC.,　　　　　　　**COMPLAINT**

　　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　Civil No.: _____

　　　　　　　-against-

TRAVELERS PROPERTY CASUALTY COMPANY OF　**JURY TRIAL DEMANDED**
AMERICA,

　　　　　　　　　　　Defendant.
------------------------------------------------------------------- x

　　　　The plaintiff, HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. ("Hunts Point"), by its attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP, as and for its Complaint for Declaratory Judgment against Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), alleges as follows:

## NATURE OF THE ACTION

　　　　1.　　In this action, Hunts Point seeks a declaration that Travelers is obligated to defend and indemnify it in connection with an underlying lawsuit asserting claims for injuries allegedly sustained by Hamad Zaid. That lawsuit is styled <u>Hamad Zaid v. J. Margiotta Company, LLC, Hunts Point Cooperative Market, Inc., Hunts Point Produce Market, Inc., and J. Margiotta International, LLC</u>, in the Supreme Court of the State of New York, County of Kings, Index No. 518892/2021 (the "<u>Zaid</u> Action"). Hunts Point also seeks a declaration that Travelers is obligated to reimburse it for the defense costs it has paid.

## THE PARTIES

2. At all times mentioned herein, plaintiff, HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. ("Hunts Point") is a corporation existing under and by virtue of the laws of the State of New York, with its principal place of business located in the State of New York, and is and was licensed to do business as a company in the State of New York.

3. At all times mentioned hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. At all times mentioned herein, Travelers was and remains a corporation organized and existing under the laws of one of the States of the United States, authorized to transact insurance business in the State of New York and maintains an office for the transaction of business in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to coverage afforded under the insurance policy issued by Defendant Travelers.

8. Plaintiff Hunts Point has no adequate remedy at law.

**THE TRAVELERS POLICY**

9. Travelers issued a policy of Commercial Insurance to its named insured, J. Margiotta Company LLC, providing commercial general liability coverage and bearing number Y-630-7E805372-TIL-20, for the policy period of 12/12/2020 to 12/12/2021, with a $1 million each occurrence limit and a $2 million general aggregate limit (the "Travelers Policy").

10. The Travelers Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Travelers Policy contains a COMMERCIAL GENERAL LIABILITY COVERAGE FORM (form CG T1 00 02 19), which provides in part as follows:

SECTION II – WHO IS AN INSURED

\* \* \*

4. Any person or organization that is a premises owner, manager or lessor and that you have agreed in a written contract or agreement to include as an additional insured on this Coverage Part is an insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" that:

a. Is "bodily injury" or "property damage" that occurs, or is "personal and advertising injury" caused by an offense that is committed, subsequent to the signing of that contract or agreement; and

b. Arises out of the ownership, maintenance or use of that part of any premises leased to you.

The insurance provided to such premises owner, manager or lessor is subject to the following provisions:

a. The limits of insurance provided to such premises owner, manager or lessor will be the minimum limits that you agreed to provide in the written contract or agreement, or the limits shown in the Declarations, whichever are less.
b. The insurance provided to such premises owner, manager or lessor does not apply to:
   (1) Any "bodily injury" or "property damage" that occurs, or "personal and advertising injury" caused by an offense that is committed, after you cease to be a tenant in that premises; or
   (2) Structural alterations, new or demolition operations performed by or on behalf of such premises owner, manager or lessor.

12. The COMMERCIAL GENERAL LIABILITY COVERAGE FORM in the Travelers Policy also contains an Other Insurance provision, which provides in part as follows:

> 4. Other Insurance
>
> If valid and collectible other insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as described in Paragraphs a. and b. below.
>
> ***
>
> a. Primary Insurance
> This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below, except when Paragraph d. below applies.

13. Hunts Point qualifies as an insured in the Travelers Policy.

14. As a matter of law, Zaid's accident arose out of Margiotta's ownership, use or management of the premises leased to Margiotta by Hunts Point.

15. The Travelers Policy affords additional insured coverage to Hunts Point and applies on a primary basis with regard to the Zaid Action.

## THE LEASE AND THE ZAID ACTION

16. On or about dated 19 August 2005 Hunts Point Terminal Produce Cooperative Association, Inc., as Landlord, and J. Margiotta Company, LLC, as Tenant, entered into a Proprietary Lease (the "Lease"). The Lease describes the Demised Premises to include Units 100, 101, 102, 103, 104, and 105 and Office Units, 100A, 101A, 102A, 103A, 104A, and 105A. The parties occasionally amended and extended the Lease multiple times, including renewal for a term ending May 31, 2021.

17. The Lease was in effect on the date of the accident alleged in the Zaid Action.

18. Pursuant to the Lease Margiotta was required to procure public liability insurance naming Hunts Point as additional insureds for any personal injury that arises out of the operation, control, or occupancy of the Demised Premises. Specifically, paragraph 16.01(a) of lease agreement provides as follows:

INSURANCE

16.01. Tenant shall prior to commencement of this Lease term procure and keep in full force and effect during the term of this Lease, at Tenant's own cost and expense, insurance written by companies licensed to do business in the State of New York, acceptable to Landlord as follows:

(a) Such public liability insurance as will protect Landlord from any claims for damage to property, and for personal injury including death, which may arise from the operation, control or occupancy of the Demised Premises. Such public liability insurance shall provide limits of at least $2,000,000.00 in the event of bodily injury or death to one person and not less than $5,000,000.00 in the event of bodily injury or death to any number of persons in anyone accident and broad form property damage coverage of not less than $1,000,000.00. Such limits shall be subject to review and revisions by Landlord upon the commencement of the eleventh year of this Lease.

***

16.02. All such policies required hereunder to be provided by Tenant shall name Landlord and Overlandlord as additional insure[d]s and shall be delivered to Landlord with the premium fully paid, and so marked, prior to commencement of this Lease. All such insurance policies shall insure Landlord unconditionally and loss shall be adjusted with and payable solely and unconditionally to Landlord, without restriction or regard as to whether or not Tenant carried additional or other insurance. …

19. On or about July 28, 2021, underlying plaintiff, Hamad Zaid ("Zaid"), filed a personal injury action in the State of New York, County of Kings, entitled *Hamad Zaid v. J. Margiotta Company, LLC, Hunts Point Cooperative Market, Inc., Hunts Point Produce Market, Inc., and J. Margiotta International, LLC* under Index No.: 518892/2021.  On or about February 23, 2022, Zaid filed an Amended Verified Complaint in the Zaid Action.  A copy of the Amended Complaint in the Zaid Action is annexed, as **Exhibit "A."**

20. In the Zaid Action, Zaid alleges that on December 18, 2020, he was injured when he slipped and fell on a wet, slick and slippery condition at 100-105 NYC Terminal Market, Bronx, New York (the "Premises").

21. In the Zaid Action, Zaid alleges that the December 18, 2020 accident and his injuries resulted from defendants' negligence.

22. Hunts Point, incorrectly sued as Hunts Point Produce Market, Inc., appeared and answered the Complaint in the Zaid Action.

23. By correspondence dated October 27, 2022, Hunts Point timely and properly notified the defendant of the occurrence, claim and suit, and tendered its defense and indemnification in the Zaid Action to it. Hunts Point has never received any response indicating Travelers' position on the tender.

**AS AND FOR A FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23", inclusive, of the Complaint, with the same force and effect as if fully set forth herein.

25. Hunts Point qualifies as an additional insured under the Travelers Policy.

26. Coverage provided to Hunts Point by the Travelers Policy with respect to the Zaid Action is primary.

27. Hunts Point has complied with all of the terms and conditions to coverage under the Travelers Policy.

28. Travelers has wrongfully refused to perform its duty to provide a defense to Hunts Point in the Zaid Action.

29. Travelers' failure to perform its duty and honor its agreement to defend Hunts Point in the Zaid Action constitutes a breach of the Travelers Policy.

30. Accordingly, Hunts Point seeks a declaration that Travelers has an obligation to defend and indemnify Hunts Point as an additional insured in the Zaid Action; and that that the coverage provided to Hunts Point by the Travelers Policy for the Zaid Action is primary.

31. Plaintiff is entitled to a judicial declaration that Travelers must pay all future expenses, attorneys' fees, and disbursements expended in the defense of Hunts Point in the Zaid Action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR REIMBURSEMENT

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31", inclusive, of the Complaint, with the same force and effect as if fully set forth herein.

33. Travelers is obligated to reimburse Hunts Point for all expenses incurred, or to be incurred, in the defense of Hunts Point in the Zaid Action.

34. Travelers's failure to reimburse Hunts Point for the expenses incurred by it in defending Hunts Point in the Zaid Action constitutes an unjust enrichment of Travelers.

35. Plaintiffs are entitled to a judicial declaration that Travelers must reimburse Hunts Point for all expenses, attorneys' fees and disbursements incurred, or to be incurred, by Hunts Point in defense of the Zaid Action.

36. In addition, Hunts Point seeks an award at law and in equity against Travelers for recovery of all sums Hunts Point has incurred and continues to incur in its defense in the Zaid Action because the coverages provided by the Travelers Policy are primary.

37. Plaintiffs have no adequate remedy at law.

**WHEREFORE**, plaintiff prays that a judgment be made and entered herein adjudging and declaring:

    A.    That the Travelers Policy affords primary coverage for HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. for the claims asserted in the <u>Zaid</u> Action and is therefore obligated to insure, defend and indemnify Hunts Point in the <u>Zaid</u> Action;

    B.    That defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, owes a duty to defend HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. in the <u>Zaid</u> Action;

    C.    That defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, is obligated to indemnify HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. for any judgment which may be rendered against it, or any settlement which may be reached by the parties, in the <u>Zaid</u> Action, up to the limits of coverage of the Travelers Policy;

    D.    That defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, is obligated to reimburse plaintiff for all of the defense expenses (including attorneys' fees) incurred by or on behalf of HUNTS POINT TERMINAL PRODUCE COOPERATIVE ASSOCIATION, INC. in defending the <u>Zaid</u> Action, plus applicable pre-judgment interest;

    E.    That the plaintiff be granted such other, further and different relief as this Court may deem just, proper and equitable, including their reasonable attorneys' fees,

costs and disbursements of this action.

Dated: New York, New York
      September 7, 2023

ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, LLP
Attorneys for Plaintiff

By: _____
    Thomas R. Maeglin
One Battery Park Plaza – 4th Floor
New York, New York 10004
(212) 422-1200
Our File No.: 32727A