EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

HAMAD ZAID,

                        Plaintiff,

       -against-

J. MARGIOTTA COMPANY, LLC, HUNTS POINT
COOPERATIVE MARKET, INC., HUNTS POINT
PRODUCE MARKET, INC., and J. MARGIOTTA
INTERNATIONAL, LLC.

                       Defendants.

-------------------------------------------------------------------X

Index No.: 518892/2021
Date Purchased:  <u>July 28, 2021</u>

**AMENDED SUMMONS**

Plaintiff Designates
KINGS
County as Place of Trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
6919 3rd Avenue, Apt. #4L
Brooklyn, NY 11220

To the above named Defendant(s):

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Mineola, New York
       February 23, 2022

                         Yours, etc.,

                         JOUDEH & KULLER, LLP
                         BY:

                         _____
                         RAMY H. JOUDEH, Esq.
                         1539 Franklin Ave, Suite 101
                         Mineola, NY 11501
                         (516) 540-2000
                         File # 1095.RJ

1

TO:

J. MARGIOTTA COMPANY, LLC
c/o Secretary of State
4 Mac Donald Avenue, Ste 2
Armonk, NY 10504

HUNTS POINT PRODUCE MARKET, INC.,
c/o Secretary of State
772 Edgewater Road
Bronx, NY 10474

HUNTS POINT COOPERATIVE MARKET, INC.,
c/o Secretary of State
200 Park Avenue
New York, New York 10166

J. MARGIOTTA INTERNATIONAL, LLC
c/o Secretary of State
100-105 Row A
NYC Terminal Market
Bronx, New York 10474

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------------- x

HAMAD ZAID,                                                            :          Index No.: 518892/2021

                    Plaintiff,                                   :

         -against-                                              :          **AMENDED**
                                            :          **VERIFIED**
                                          :          **COMPLAINT**

J. MARGIOTTA COMPANY, LLC, HUNTS POINT              :
COOPERATIVE MARKET, INC., HUNTS POINT                   :
PRODUCE MARKET, INC., and J. MARGIOTTA              :
INTERNATIONAL, LLC.                                                       :

                                          :

                   Defendants.                         :

------------------------------------------------------------------------------- x

        Plaintiff, by his attorneys, JOUDEH & KULLER, LLP, as and for an Amended Verified

Complaint herein, respectfully sets forth and alleges:

**AS AND FOR A FIRST CAUSE OF ACTION**

        1.     That at all times hereinafter mentioned, plaintiff, **HAMED ZAID**, was and still is

a resident of the County of Kings, State of New York.

        2.     That at all the times hereinafter alleged, and upon information and belief, the

Defendant, **HUNTS POINT COOPERATIVE MARKET, INC**, was and still is a domestic

business corporation duly organized and existing by virtue of the laws of the State of New York.

        3.     At all times hereinafter mentioned, defendant **HUNTS POINT COOPERATIVE**

**MARKET, INC**, transacted business within the State of New York; regularly did or solicited

business within the State of New York or engaged in other persistent courses of conduct and/or

derived substantial revenue from goods used or consumed or services rendered in the State of New

3

York and expected or should have reasonably expected its acts to have consequences in the State of New York and/or derived substantial revenue from interstate or international commerce.

4.    That at all the times hereinafter alleged, and upon information and belief, the Defendant, **HUNTS POINT PRODUCE MARKET, INC.,** was and still is a domestic business corporation duly organized and existing by virtue of the laws of the State of New York.

5.    At all times hereinafter mentioned, defendant **HUNTS POINT PRODUCE MARKET, INC.,** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences in the State of New York and/or derived substantial revenue from interstate or international commerce.

6.    That at all the times hereinafter alleged, and upon information and belief, the Defendant, **J. MARGIOTTA COMPANY, LLC**, was and still is a domestic limited liability company duly organized and existing by virtue of the laws of the State of New York.

7.    At all times hereinafter mentioned, defendant **J. MARGIOTTA COMPANY, LLC,** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences in the State of New York and/or derived substantial revenue from interstate or international commerce.

8.    That at all the times hereinafter alleged, and upon information and belief, the Defendant, **J. MARGIOTTA INTERNATIONAL, LLC**, was and still is a domestic limited liability company duly organized and existing by virtue of the laws of the State of New York.

4

9.     At all times hereinafter mentioned, defendant **J. MARGIOTTA INTERNATIONAL, LLC,** transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences in the State of New York and/or derived substantial revenue from interstate or international commerce.

10.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** was the owner of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

11.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** was the owner of a wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

12.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** was the lessor of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

13.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** was the lessor of wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

14.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC,** its agents, servants and/or employees maintained the building and premises located at the aforementioned address.

15.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC,** its agents, servants and/or employees maintained the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

16.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees operated the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

17.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC,** its agents, servants and/or employees operated the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

18.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** by its agents, servants and/or employees controlled the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

19.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC,** its agents, servants and/or employees controlled the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

20.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** by its agents, servants and/or employees managed the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

21.     That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC,** its agents, servants and/or employees managed the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

22.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

23.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto, in good repair and in a safe condition.

24.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

25.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees to prevent the aforementioned wholesale produce market and all appurtenances attached thereto, from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

26.    That at all times mentioned herein, defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees failed to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

27.    That at all times mentioned herein, defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees failed to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto in good repair and in a safe condition.

28. That at all times mentioned herein, defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees failed to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

29. That at all times mentioned herein, the defendant **J. MARGIOTTA COMPANY, LLC** its agents, servants and/or employees failed to prevent the aforementioned wholesale produce market and all appurtenances attached thereto from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

30. That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** was the owner of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

31. That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** was the owner of a wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

32. That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** was the lessor of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

33. That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** was the lessor of the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

34. That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees maintained the building and premises located at the aforementioned address.

35.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees maintained the wholesale produce market located 100-105 NYC Terminal Market, County of Bronx, State of New York.

36.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees operated the building and premises located 100-105 NYC Terminal Market, County of Bronx, State of New York.

37.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees operated the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

38.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** by its agents, servants and/or employees controlled the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

39.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees controlled the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

40.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** by its agents, servants and/or employees managed the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

41.     That at all times mentioned herein, the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees managed the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

42.     That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

43.     That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto, in good repair and in a safe condition.

44.     That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

45.     That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees to prevent the aforementioned wholesale produce market and all appurtenances attached thereto, from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

46.     That at all times mentioned herein, defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees failed to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

47.     That at all times mentioned herein, defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees failed to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto in good repair and in a safe condition.

10

48.    That at all times mentioned herein, defendant **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees failed to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

49.    That at all times mentioned herein, the **HUNTS POINT PRODUCE MARKET, INC.,** its agents, servants and/or employees failed to prevent the aforementioned wholesale produce market and all appurtenances attached thereto from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

50.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** was the owner of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

51.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** was the owner of a wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

52.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** was the lessor of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

53.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** was the lessor of wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

54.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees maintained the building and premises located at the aforementioned address.

11

55.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees maintained the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

56.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees operated the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

57.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees operated the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

58.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** by its agents, servants and/or employees controlled the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

59.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees controlled the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

60.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** by its agents, servants and/or employees managed the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

61.    That at all times mentioned herein, the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees managed the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

62.    That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

63.    That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto, in good repair and in a safe condition.

64.    That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

65.    That at all times mentioned herein, it was the duty of the defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees to prevent the aforementioned wholesale produce market and all appurtenances attached thereto, from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

66.    That at all times mentioned herein, defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees failed to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

67.     That at all times mentioned herein, defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees failed to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto in good repair and in a safe condition.

68.     That at all times mentioned herein, defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees failed to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

69.     That at all times mentioned herein, defendant **HUNTS POINT COOPERATIVE MARKET, INC.,** its agents, servants and/or employees failed to prevent the aforementioned wholesale produce market and all appurtenances attached thereto from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

70.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** was the owner of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

71.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** was the owner of a wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

72.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** was the lessor of the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

73.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** was the lessor of wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

74.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees maintained the building and premises located at the aforementioned address.

75.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees maintained the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

76.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees operated the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

77.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees operated the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

78.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** by its agents, servants and/or employees controlled the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

79.     That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees controlled the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

80.    That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** by its agents, servants and/or employees managed the building and premises located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

81.    That at all times mentioned herein, the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees managed the wholesale produce market located at 100-105 NYC Terminal Market, County of Bronx, State of New York.

82.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

83.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto, in good repair and in a safe condition.

84.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

85.    That at all times mentioned herein, it was the duty of the defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees to prevent the aforementioned wholesale produce market and all appurtenances attached thereto, from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard present thereat.

86. That at all times mentioned herein, defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees failed to keep and maintain the aforementioned building and premises in good repair and in a safe condition.

87. That at all times mentioned herein, defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees failed to keep and maintain the aforementioned wholesale produce market and all appurtenances attached thereto in good repair and in a safe condition.

88. That at all times mentioned herein, defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees failed to prevent the aforementioned building and premises from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

89. That at all times mentioned herein, defendant **J. MARGIOTTA INTERNATIONAL, LLC,** its agents, servants and/or employees failed to prevent the aforementioned wholesale produce market and all appurtenances attached thereto from becoming dangerous, defective, hazardous, unsafe, trap-like, with a slipping hazard thereat.

90. That on or about December 18, 2020 the plaintiff **HAMAD ZAID** was caused to slip and fall at the aforementioned location due to the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees.

91. The defendants and each of them, their agents, employees and/or servants were careless, negligent and reckless in the ownership, operation, maintenance, control, supervision and use of the building and premises, and the appurtenances attached thereto; in failing to properly maintain the building and premises, including the wholesale produce market, and the

appurtenances attached thereto; in negligently causing, creating and allowing a dangerous, defective, hazardous, unsafe, trap-like, slipping hazard to be present thereat.

92.    That by reason of the foregoing and the negligence of the defendants, the plaintiff, **HAMAD ZAID**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

93.    That by reason of the foregoing, the plaintiff, **HAMAD ZAID**, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, the plaintiff, **HAMAD ZAID**, will necessarily incur similar expenses.

94.    That by reason of the foregoing, the plaintiff, **HAMAD ZAID**, has been unable to attend to his usual occupation in the manner required.

95.    That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

96.    That as a result of the foregoing, the plaintiff, **HAMAD ZAID**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demands judgment against Defendants in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Mineola, New York
February 23, 2022

Yours, etc.,

JOUDEH & KULLER, LLP
BY:

_____
RAMY H. JOUDEH, Esq.
1539 Franklin Ave, Suite 101
Mineola, NY 11501
(516) 540-2000
File # 1095.RJ

19

**ATTORNEY VERIFICATION**

STATE OF NEW YORK, COUNTY OF NASSAU                    ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiff in the within action; I have read the foregoing **AMENDED VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe to be true.  The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated:  Mineola, New York
            February 23, 2022

_____
RAMY H. JOUDEH, ESQ.

Index No.: 518892/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

====================================================

HAMAD ZAID,

                          Plaintiff,

     -against-

J. MARGIOTTA COMPANY, LLC, HUNTS
POINT COOPERATIVE MARKET, INC.,
HUNTS POINT PRODUCE MARKET, INC., and
J. MARGIOTTA INTERNATIONAL, LLC.

                          Defendants.

====================================================

AMENDED VERIFIED COMPLAINT

====================================================

JOUDEH & KULLER, LLP.
Attorneys for Plaintiff
Office and Post Office Address, Telephone
1539 Franklin Avenue, Suite 101
Mineola, New York 11501
(516) 540-2000
File No.: 1134.RJ

====================================================